[No. 4352.]

THE BOARD OF COUNTY COMMISSIONERS OF LAKE COUNTY v. JOHNSON.

**Judgments—Bonds—Coupons—Res Judicata.**

A judgment establishing defendant's liability upon a bond is conclusive against defendant in a subsequent suit upon coupons cut from such bond as to any defense that might have been pleaded in the former suit whether in fact it was pleaded or not.

*Appeal from the District Court of Arapahoe County.*

Mr. CHARLES CAVENDER and Messrs. THOMAS, BRYANT & LEE, for appellant.

Mr. H. B. JOHNSON, for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This is an action upon coupons detached from judgment bonds of Lake county, both the bond and

coupons being payable to bearer.   In some of its as-
pects the case is like that of *Board of County Commrs.
v. Schradsky, ante,* p. 178.   The question here argued
arises out of the action of the court in sustaining
plaintiff's demurrer to the third defense of the an-
swer, the substance of which is that the judgment, in
payment of which the bonds in question were issued,
is void, and that, to the knowledge of the owner of the
coupons, all the proceedings leading up to the judg-
ment were fraudulently instituted and prosecuted.

The coupons in suit were cut from one of the
bonds involved in *Board of Commrs. v. Platt,* 79 Fed.
Rep. 567, and the same fraud here pleaded was inter-
posed as a defense there, and held not good.   Coun-
sel for appellee concede that that decision is against
their present position, but endeavor to draw a distinc-
tion in this, that the facts which they have set up in
this defense are different from those formerly al-
leged, that the pleading here was drawn after the
judgment there, and in the light of the opinion of the
learned court of appeals they have endeavored to
avoid the imperfections which were there pointed out.
The only alleged material difference in the facts to
which our attention is called is that it is averred here
that the plaintiff is not a *bona fide* holder of the cou-
pons, but that H. B. Johnson, her attorney, is the real
owner and was cognizant of all the illegal steps taken
in the procurement of the judgment and the issue of
the bonds.   If such allegation makes a different de-
fense, still it cannot be interposed here; for in the
action on the bonds, from which these coupons are
cut, the judgment rendered established the liability
of defendant on them, and necessarily made it liable
on the coupons.   And if this defense was not pleaded
in the action on the bonds, it might have been, and
that judgment is just as conclusive respecting the
omitted defense as to any defense that was offered.—

*Board of Commrs. v. Platt, supra; D. C. I. & W. Co. v. Middaugh,* 12 Colo. 434-8.

But there is no material difference in the two defenses. The circuit court of appeals has conclusively shown that the fraud alleged does not constitute a defense, not only because the judgment in payment of which the bonds were issued cannot thus be collaterally attacked, but also because it is barred by our statute of limitations.—*G. W. M. Co. v. W. of A. M. Co.,* 14 Colo. 90, 98. We can add nothing to the reasoning of that opinion. The judgment below was right and should be affirmed, and it is so ordered.

*Affirmed.*